## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| BECKY WISE and JAY WISE, | ) | |
| as Surviving Parents of LILY | ) | |
| WISE, | ) | Civil Action File No. |
| | ) | |
| Plaintiffs, | ) | 4:20-CV-00191-JPB |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN SPIVEY, MD; | ) | |
| VALERIE SMITH, CNM; | ) | |
| HARBIN CLINIC, LLC; | ) | |
| REBECCA EVANS, CNM; and | ) | |
| CARTERSVILLE OB/GYN | ) | |
| ASSOCIATES, PC, | ) | |
| | | |
| Defendants. | | |

## DEFENDANT REBECCA EVANS, CNM'S
## ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED
## COMPLAINT FOR DAMAGES

COMES NOW Defendant Rebecca Evans, CNM ("Defendant") and asserts

the following Answer and Defenses to Plaintiffs' First Amended Complaint for

Damages as follows:

## FIRST DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim upon which relief

may be granted.

## SECOND DEFENSE

Plaintiffs' experts may fail to satisfy the requirements of O.C.G.A. § 9-11-9.1 and O.C.G.A. § 24-7-702 or may be otherwise unqualified to attest to the Plaintiffs' claims of negligence against Defendants.

## THIRD DEFENSE

At all times relevant hereto, this Defendant met or exceeded the applicable standard of care in that the care and skill exercised by this Defendant and his agents and employees met or exceeded that degree of care and skill ordinarily exercised by their profession under the same or similar conditions and like surrounding circumstances.

## FOURTH DEFENSE

No act or omission on the part of this Defendant caused or contributed to the alleged injuries and damages claimed by Plaintiffs and Plaintiffs are not entitled to recover anything against this Defendant.

## FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers the affirmative defenses of assumption of risk, accord and satisfaction, failure to mitigate, release, collateral source recovery, judicial estoppel, contributory negligence, comparative negligence, discharge in bankruptcy, laches, statute of limitations, waiver, and intervening and supervening cause. Defendant does not

waive any available affirmative defenses that are reasonably unknown to her or are unavailable at this time but may arise through discovery, amendment of pleading, or subsequent filing.

## SIXTH DEFENSE

The injuries and damages alleged by Plaintiff may have been the result of acts or omissions of individuals over who Defendant had no control, including the result of Plaintiff's own negligence.

## SEVENTH DEFENSE

Any allegations in Plaintiffs' original Complaint that are not superseded by the First Amended Complaint are hereby denied.

## EIGHTH DEFENSE

This Defendant responds to the specific numbered paragraphs of Plaintiffs' First Amended Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

5.

This Defendant admits she is a midwife and that she participated in care provided to Becky Wise. This Defendant admits that she was and is licensed to practice nursing and midwifery in the state of Georgia. This Defendant admits that venue is proper as to her, that she has not raised any defenses related to subject matter or personal jurisdiction, and that her counsel acknowledged service for her.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

9.

This Defendant admits that Rebecca Evans was acting as an agent and/or employee of Cartersville OB/GYN to the extent applicable under Georgia law.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

12.

This Defendant admits what purports to be a list of the individual members of Harbin Clinic, LLC, was attached to Plaintiffs' First Amended Complaint.

13.

Denied, as stated.

## STATEMENT OF FACTS

14.

This Defendant reasserts and restates his responses to Paragraphs 1-13, above, as if fully restated herein.

15.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

16.

Paragraph 16 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for

itself.  To the extent the allegations in Paragraph 16 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

17.

Paragraph 17 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 17 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

18.

Paragraph 18 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 18 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

19.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

20.

Paragraph 20 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for

itself.  To the extent the allegations in Paragraph 20 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

21.

Paragraph 21 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 21 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

22.

Paragraph 22 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 22 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. Otherwise, this Defendant denies the allegations contained in Paragraph 22, as stated.

23.

Paragraph 23 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 23 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. Otherwise, this Defendant denies the allegations contained in Paragraph 23, as stated.

24.

Paragraph 24 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record. The medical records speak for itself. To the extent the allegations in Paragraph 24 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. Otherwise, this Defendant denies the allegations contained in Paragraph 24, as stated.

25.

Paragraph 25 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record. The medical records speak for itself. To the extent the allegations in Paragraph 25 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

26.

Paragraph 26 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record. The medical records speak for itself. To the extent the allegations in Paragraph 26 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. Otherwise, this Defendant denies the allegations contained in Paragraph 26, as stated.

27.

Paragraph 27 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record. The medical records speak for

itself.  To the extent the allegations in Paragraph 27 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

28.

Paragraph 28 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 28 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

29.

Paragraph 29 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 29 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

30.

Paragraph 30 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 30 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

31.

Paragraph 31 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for

itself.  To the extent the allegations in Paragraph 31 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. Otherwise, this Defendant denies the allegations contained in Paragraph 31, as stated.

32.

Paragraph 32 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 32 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

33.

Paragraph 33 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 33 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

34.

Paragraph 34 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 34 of Plaintiffs' First Amended

Complaint conflict with the medical record, they are denied. Otherwise, this Defendant denies the allegations contained in Paragraph 34, as stated.

35.

Paragraph 35 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record. The medical records speak for itself. To the extent the allegations in Paragraph 35 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

36.

Paragraph 36 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record. The medical records speak for itself. To the extent the allegations in Paragraph 36 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

37.

Paragraph 37 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record. The medical records speak for itself. To the extent the allegations in Paragraph 37 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. Otherwise, this Defendant denies the allegations contained in Paragraph 37, as stated.

38.

Paragraph 38 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record. The medical records speak for itself. To the extent the allegations in Paragraph 38 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

39.

Paragraph 39 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record. The medical records speak for itself. To the extent the allegations in Paragraph 39 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

40.

Paragraph 40 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record. The medical records speak for itself. To the extent the allegations in Paragraph 40 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

41.

Paragraph 41 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record. The medical records speak for itself. To the extent the allegations in Paragraph 41 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

42.

Denied, as stated.

43.

Denied, as stated.

44.

Denied, as stated.

45.

Denied, as stated.

46.

Paragraph 46 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 46 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. By way of further response, Defendant denies all allegations of negligence as to this Defendant.

47.

Paragraph 47 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 47 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. Otherwise, this Defendant denies the allegations contained in Paragraph 47, as stated.

48.

Paragraph 48 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 48 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. Otherwise, this Defendant denies the allegations contained in Paragraph 48, as stated.

49.

Denied, as stated.

50.

Denied, as stated.

51.

Denied, as stated.

52.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

53.

Denied, as stated.

54.

Denied, as stated.

55.

Denied, as stated.

56.

Denied.

57.

Denied.

58.

Paragraph 58 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 58 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. Otherwise, this Defendant denies the allegations contained in Paragraph 58, as stated.

59.

Paragraph 59 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 59 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

60.

Paragraph 60 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for

itself.  To the extent the allegations in Paragraph 60 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

61.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

62.

Paragraph 62 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 62 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. By way of further response, Defendant denies all allegations of negligence as to this Defendant.

63.

Paragraph 63 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 63 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

64.

Paragraph 64 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for

itself.  To the extent the allegations in Paragraph 64 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. By way of further response, Defendant denies all allegations of negligence as to this Defendant.

65.

Paragraph 65 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 65 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

66.

Paragraph 66 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 66 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied. By way of further response, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

67.

Paragraph 67 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for

itself.  To the extent the allegations in Paragraph 67 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

68.

Paragraph 68 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 68 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

69.

This Defendant admits Lily Wise was a nonviable infant when delivered via c-section. The remaining allegations of Paragraph 69 of Plaintiffs' First Amended Complaint appear to be an effort to restate matters set forth in the medical record. The medical records speak for itself.  To the extent the allegations in Paragraph 69 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

70.

Paragraph 70 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record.  The medical records speak for itself.  To the extent the allegations in Paragraph 70 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

71.

This Defendant admits Lily Wise was delivered stillborn. The remaining allegations of Paragraph 71 of Plaintiffs' First Amended Complaint appear to be an effort to restate matters set forth in the medical record. The medical records speak for itself. To the extent the allegations in Paragraph 71 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

72.

Paragraph 72 of Plaintiffs' First Amended Complaint appears to be an effort to restate matters set forth in the medical record. The medical records speak for itself. To the extent the allegations in Paragraph 72 of Plaintiffs' First Amended Complaint conflict with the medical record, they are denied.

## **PROFESSIONAL NEGLIGENCE (MEDICAL MALPRACTICE)**

73.

This Defendant denies any allegations of negligence against this Defendant contained in Paragraph 73 of Plaintiffs' First Amended Complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

74.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

75.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

76.

This Defendant denies any allegations of negligence against this Defendant contained in Paragraph 76 of Plaintiffs' First Amended Complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 76 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

77.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

78.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

79.

Denied.

80.

Denied.

81.

This Defendant admits that Rebecca Evans, CNM was acting as an agent and/or employee of Cartersville OB/GYN to the extent applicable under Georgia law. This Defendant denies any allegations of negligence contained in Paragraph 81 of Plaintiff's Complaint and further denies Plaintiffs are entitled to the recovery sought.

82.

Denied.

83.

Denied.

84.

This Defendant admits that the writings purported to be the affidavits of Nicolas Psomiadis, M.D. and Michelle Collins, PhD, CNM were attached to Plaintiffs' First Amended Complaint.  Defendant reserves the right to discover whether these affidavits comply with O.C.G.A. § 9-11-9.1 and to assert any insufficiencies which may come to light. This Defendant further denies all allegations of negligence, opinions, and presumptions of fact expressed against this Defendant in said affidavit.

## ORDINARY NEGLIGENCE

85.

This Defendant reasserts and restates his responses to Paragraphs 1-84, above, as if fully restated herein.

86.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

87.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

88.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

89.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

90.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

91.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

92.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

93.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

94.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of Plaintiffs' First Amended Complaint and, therefore, can neither admit nor deny the same.

95.

Denied.

96.

Denied.

## **PRAYER FOR DAMAGES**

97.

This Defendant reasserts and restates his responses to Paragraphs 1-96, above, as if fully restated herein.

98.

Denied.

[25]

99.

Paragraph 98 of Plaintiffs' First Amended Complaint does not appear to require a response from Defendant.  To the extent a response is required, the allegations contained in said paragraph are denied and it is denied that Plaintiffs are entitled to the recovery sought.

## **NINTHTH DEFENSE**

All allegations of Plaintiffs' First Amended Complaint not specifically admitted herein are hereby denied.

WHEREFORE, this Defendant prays that this Court:

a.  Dismiss Plaintiffs' First Amended Complaint with prejudice;

b.  Enter judgment against Plaintiff and in favor of this Defendant on all counts of Plaintiffs' First Amended Complaint;

c.  Grant this Defendant a trial by a jury of 12 persons on all claims so triable;

d.  Award this Defendant the costs, including reasonable attorney fees, incurred in defending this action; and

e.  Grant this Defendant such other relief as the Court deems just and appropriate.

*--continued on following page--*

[26]

This 15th day of October, 2020.

THE WEATHINGTON FIRM

*/s/    J. Hilliard Burton*
Paul E. Weathington
Georgia Bar No. 743120
J. Hilliard Burton
Georgia Bar No. 703213
pweathington@weathington.com
hburton@weathington.com

*Attorneys for Defendants Rebecca Evans,*
*CNM; and Cartersville OB/GYN Associates,*
*PC*

191 Peachtree St., NE
Suite 3900
Atlanta, Georgia 30303
(404) 524-1600 P
(404) 524-1610 F

## <u>CERTIFICATION AS TO FONT</u>

Counsel certifies that this pleading has been prepared in Times New Roman font in 14-point type.

This 15th day of October, 2020.

THE WEATHINGTON FIRM

/s/    *J. Hilliard Burton*
Paul E. Weathington
Georgia Bar No. 743120
J. Hilliard Burton
Georgia Bar No. 703213
pweathington@weathington.com
hburton@weathington.com

*Attorneys for Defendants Rebecca Evans, CNM; and Cartersville OB/GYN Associates, PC*

191 Peachtree St., NE
Suite 3900
Atlanta, Georgia 30303
(404) 524-1600 P
(404) 524-1610 F

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter electronically via CM/ECF and STATUTORY ELECTRONIC SERVICE to counsel of record as follows:

Nelson Tyrone, Esq.
Daniel J. Conner, Jr., Esq.
Tyrone Law Firm
1201 Peachtree Street
400 Colony Square, Suite 2000
Atlanta, Georgia 30361

Robert K. Finnell, Esq.
The Finnell Firm
P.O. Box 63
Rome, Georgia 30162

Eric Frisch, Esq.
Copeland, Stair Kingma & Lovell
191 Peachtree Street, Suite 3600
Atlanta, Georgia 30303

This 15th day of October, 2020.

THE WEATHINGTON FIRM

*/s/    J. Hilliard Burton*
Paul E. Weathington
Georgia Bar No. 743120
J. Hilliard Burton
Georgia Bar No. 703213
pweathington@weathington.com
hburton@weathington.com

[29]

*Attorneys for Defendants Rebecca Evans, CNM; and Cartersville OB/GYN Associates, PC*

191 Peachtree St., NE
Suite 3900
Atlanta, Georgia 30303
(404) 524-1600 P