IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| BECKY WISE and JAY WISE, as Surviving Parents of LILY WISE,<br><br>Plaintiffs,<br><br>v.<br><br>VALERIE SMITH, CNM; and HARBIN CLINIC, LLC;<br><br>Defendants. | Civil Action File No. 4:20-cv-00191-SEG<br><br><br><br><br><br>Conference is requested. |

## **THIRD AMENDED CONSOLIDATED PRETRIAL ORDER**

Pursuant to Federal Rule 16, Local Rule 16.4, and this Court's Standing Order, the parties file this consolidated pretrial order.

1. There are no motions or other matters pending for consideration by the court except as noted: **None.**

2. All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. Provided there is no resulting delay in readiness for trial the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence for use at trial. **All discovery is complete. All depositions have been taken.**

9477630v.1

3. Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties. **None**.

4. Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections: **28 U.S.C. § 1332.**

5. The following individually named attorneys are hereby designated as lead counsel for the parties:

    **Plaintiffs: Nelson O. Tyrone III; Robert K. Finnell; Meredith M. Parrish; Leighton Moore.**

    **Defendants: Eric J. Frisch; Defendants object to Plaintiffs designating four lead counsel, as only one attorney should be considered lead. If Plaintiffs are going to name all attorneys, then Defendants include D. Gary Lovell, Jr. as additional "lead" counsel.**

6. Normally, the plaintiff is entitled to open and close arguments to the jury. State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

    **Plaintiffs: There is no reason that plaintiff should not be entitled to open and close arguments to the jury.**

9477630v.1

**Defendants: None.**

7. The captioned case shall be tried to a jury.

8. State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

   **The parties prefer a unified trial for the sake of judicial economy; a bifurcated trial is not necessary.**

9. Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10. Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination. The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to as follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the

judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11. State any objections to plaintiff's voir dire questions:

    **The parties have agreed to reserve objections to voir dire questions at this time.**

    State any objections to defendant's voir dire questions:

    **The parties have agreed to reserve objections to voir dire questions at this time.**

12. All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

13. State whether there is any pending related litigation. Describe briefly, including style and civil action number. **None.**

14. Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules,

regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

Defendants object to Attached C to the extent it references acts or omissions by Dr. Spivey, who Plaintiffs voluntarily dismissed from the case. Specifically, this includes contention numbers 21-23 and any other references to Dr. Spivey. This has been briefed in Defendants' motion *in limine*.

15. Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon as creating a defense shall be listed under a separate heading.  For any counterclaim, the

9477630v.1

defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16. Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulations and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17. The legal issues to be tried are as follows:

**Plaintiffs**: Plaintiffs' case sounds in professional malpractice/negligence. Negligence in this action is defined as a violation of the Standard of Care. The Standard of Care in Georgia is defined as the level of care and skill that a reasonably competent healthcare professional would provide under similar circumstances. Proximate cause, damages, and apportionment of fault are also at issue in Plaintiffs' case.

**Defendants**:

1. The standard of care applicable to Valerie Smith, CNM as a nurse midwife

2. Whether Ms. Smith violated the applicable standard of care

3. Whether Ms. Smith's alleged violations of the standard of care were the cause-in-fact of the death of the baby

4. Whether Ms. Smith's alleged violations of the standard of care were the proximate cause of the death of the baby

5. Damages, if any

6. Apportionment of fault, apportionment of damages, and/or setoff as it relates to Cartersville Medical Center, Ashley Allgood, RN, and any other nurse at Cartersville Medical Center who provided care to Becky Wise during the events at issue

Defendants object to gross negligence going to the jury unless the Court rules this case is governed by O.C.G.A. §51-1-29.5. If the Court rules that Section 51-1-29.5 does not apply, then the case only sounds in professional malpractice/negligence and the jury should only determine whether Defendants violated the applicable professional standard of care. As for

9477630v.1

apportionment of fault and setoff, the parties have briefed these issues for the Court's consideration.

18. Attached hereto as Attachment "F-1" for the plaintiff and Attachment "F-2" for the defendant is a list of all witnesses and their addresses for each party. The list must designate the witnesses whom that party will present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Federal Rule of Evidence 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

　　All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allows the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

9477630v.1

The parties reserve the right to use impeachment materials and demonstrative aids as allowed by law without being listed herein, including but not limited to medical literature and other statements and testimony.

19. Attached hereto as Attachment "G-1" for the plaintiff and "G-2" for the defendant are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list. Each party's exhibits shall be numbered serially numbered beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge. Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiples plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

9477630v.1

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties, and such documents will be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the Court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed herein.

20. The following designated portions of the testimony of the persons listed below may be introduced by deposition:

   **By Plaintiffs:**

   a. Ashley Allgood, RN;

  b. Kelly Costner, RN;

  c. Sarah Glouse, RN;

  d. Jacquelyn Bodea, DNP, CNM, WHNP;

  e. John Gibson, Jr., CPA/ABV, CVA;

  f. Debra Heller, M.D.;

  g. Frank Manning, M.D.;

  h. Chadburn Ray, M.D.;

  i. Frances Sahrphillips, RN, CNM.

**By Defendants:**

Defendants object to Plaintiffs' list. The people listed are all experts specially retained for purposes of litigation by Defendants. Defendants anticipate calling them live at trial or taking a deposition to preserve evidence.

1. Ashley Allgood

2. Kelly Costner

3. Sarah Glouse

4. Edward McBride, as corporate representative of Harbin Clinic, LLC

5. Steven A. Spivey, as corporate representative of Harbin Clinic, LLC

9477630v.1

6. Defendants designate the entire depositions of Dr. Rebecca Baergen and Dr. Debra Heller, which were taken for preservation of evidence. There are no objections that need a ruling before trial in the depositions.

   Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matters, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21. Attached hereto as Attachments "H-1" for the plaintiff and "H-2" for the defendant are any trial briefs which counsel may wish to file containing citations to legal authority on evidentiary questions and other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22. In the event this is a case designated for trial to the court with a jury, requests to charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely

filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (l)-page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principal (with minimum verbiage) from each cited authority.

Defendants' statement of the contentions, claims, and defenses is attached as H-2, below.

23. If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to the Pretrial Order. If counsel cannot agree on a special form of submission, the parties will propose their separate forms for the consideration of the court.

24. Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**Plaintiffs:** **Plaintiffs request up to one hour for closing arguments. This is a complex medical malpractice case. Plaintiffs carry the burden of proof for every element of damages. As this is an obstetric malpractice case the medical issues will be outside of the experience of nearly all men and, perhaps, some women who have not been pregnant or delivered children. Plaintiffs must also present the jury with a reasonable basis for including damages in this case. The legal issues: Standard of Care, medical negligence, and causation are beyond the experience of the average juror. In order to provide the jury a framework for considering these issues counsel will need to address each of them. Finally, determining damages for the loss of an adult is challenging to any juror. Doing so for the life of baby is particularly perplexing. Plaintiffs are already faced with the burden of proof in this case. Given the complex issues outlined above, limiting Plaintiffs to thirty minutes total for closing argument does not provide Plaintiffs with sufficient time to address these issues. Nor does it give Plaintiffs enough time to assist the jury in their very serious task of**

**deciding this case. <u>Defendants</u>: This is a wrongful death case. While Defendants agree there are issues medicine and multiple witnesses to introduce, they believe that thirty (30) minutes for opening statements and closing arguments per side is sufficient.**

25. If this case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial. **Not applicable.**

26. Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on ***<u>to be scheduled</u>*** to discuss in good faith the possibility of settlement of this case. The Court has not discussed settlement of this case with counsel. Plaintiffs state that at this time there appears to be little possibility of settlement. Defendants state that there is a possibility of settlement, and Defendants anticipate meeting with Plaintiffs in the foreseeable future to discuss.

    The parties have conferred about settlement and were not in a position to reach a settlement agreement as of the date of this proposed pretrial order.

27. Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court. **Both Plaintiffs and Defendants request a special**

9477630v.1

**setting for this case. Both sides have retained multiple medical experts (physicians, midwives, and nurses) who must travel from out-of-state to provide testimony at trial. This is practically impossible without a special setting. Plaintiffs and Defendant jointly request a brief telephonic or Zoom conference with the Court to discuss a trial setting.**

28. The plaintiff estimates that it will require 2-3 days to present its evidence. The defendant estimates that it will require 3-4 days to present its evidence. It is estimated that the total trial time is 5-7 days.

    Defendants understand the Court has set the case for 5 trial days and expects to discuss the trial schedule in detail during the pretrial conference.

29. IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (\_\_\_\_\_) submitted by stipulation of the parties or (__**X**__) approved by the court after conference with the parties.

    IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be

invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this 24th day of February, 2025.

_____
SARAH E. GERAGHTY
UNITED STATES DISTRICT JUDGE